IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INDUSTRIAL PRINT TECHNOLOGIES LLC, a Texas Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>O'NEIL DATA SYSTEMS, INC., a California Corporation, and<br>HEWLETT-PACKARD COMPANY, a Delaware Corporation,<br><br>  Defendants. | Civil Action No. 2:15-cv-00020<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Industrial Print Technologies LLC ("IPT") complains against Defendants O'Neil Data Systems, Inc. and Hewlett Packard Company (collectively, "Defendants") as follows:

### NATURE OF ACTION

This is an action for patent infringement pursuant to 35 U.S.C. § 271. The patented technology, which is licensed exclusively to IPT, relates to industrial printing and provides methods for executing print jobs that incorporate variable data. The patented technology enables industrial printing presses to rapidly and efficiently process variable data print jobs. Defendants use, manufacture and/or sell high-speed printing presses that process variable data print jobs using methods that infringe the patented technology.

### THE PARTIES

1. Plaintiff IPT is a corporation organized and existing under the laws of the State of Texas. IPT is in the business of licensing patented technology owned by Mr. Forrest P. Gauthier.

IPT is the exclusive licensee for enforcement of Mr. Gauthier's rights in U.S. Patent No. 6,381,028 ("the '028 patent").

2. Defendant O'Neil Data Systems, Inc. ("O'Neil") is a corporation incorporated under the laws of California with its principal place of business at 12655 Beatrice Street, Los Angeles, California. O'Neil is registered to do business in Texas and has a designated registered agent in Texas for purposes of service of process. O'Neil conducts business in and is doing business in Texas and in this District and elsewhere in the United States, including, without limitation, using high-speed printing presses that process variable data print jobs and promoting, offering to sell and selling products created by high-speed printing presses that process variable data print jobs in this District.

3. Defendant Hewlett Packard Company ("HP") is a corporation incorporated under the laws of Delaware with its principal place of business at 3000 Hanover Street, Palo Alto, California. HP's Printing business unit makes, uses, offers to sell and sells printing presses that incorporate variable data processing capabilities. HP is registered to do business in Texas and has a designated registered agent in Texas for purposes of service of process. HP conducts business in and is doing business in Texas and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, selling and/or importing high-speed printing presses that process variable data print jobs in this District, and enabling end-user purchasers to use such machines in this District.

4. Upon information and belief, O'Neil and HP are jointly and severally liable and/or joint tortfeasors with one another with respect to the matters alleged herein.

#### JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business conducted in this forum, including (i) having solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed their products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in Texas and in this District; and (iii) either alone or in conjunction with others, having committed acts of infringement, as alleged herein, within this District.

7. Defendant O'Neil maintains systematic, continuous and ongoing business operations within the State of Texas and this District, through which it uses high-speed printing presses that process variable data print jobs, promotes, offers to sell and sells products created by high-speed printing presses that process variable data print jobs and/or services including processing variable data printing jobs. O'Neil's facilities include a plant that it maintains in Plano, Texas, at which it operates a collection of printing presses manufactured and supplied by HP, including at least a T400 inkjet web press, a T200 inkjet web press and an Indigo 7500 printing press.

8. On information and belief, Defendant HP maintains systematic, continuous and ongoing business operations within the State of Texas and this District, through which it uses, promotes, offers to sell, sells and/or imports high speed industrial-sized printing presses. HP's

facilities include a sales office that it maintains in Plano, Texas, through which it uses, promotes, offers to sell, sells and/or imports high speed industrial-sized printing presses. Upon information and belief, HP provides product maintenance and support services to O'Neil in this District. Further, HP has conducted broader marketing activities at O'Neil's plant in Plano, Texas, including an open-house event held on or about March 5, 2012 at which HP demonstrated and promoted its presses.

9. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because each Defendant is subject to personal jurisdiction in this District, resides in, has regularly conducted business in this District and/or has committed acts of patent infringement in this District.

**CAUSE OF ACTION – INFRINGEMENT OF THE '028 PATENT**

10. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 9 as if fully set forth herein.

11. On April 30, 2002, the '028 patent, entitled "Method of Utilizing Variable Data Fields With A Page Description Language," a copy of which is attached hereto as Exhibit A, was duly and legally issued to the inventor, Forrest P. Gauthier. The '028 patent issued from U.S. patent application Serial Number 09/299,502, filed April 26, 1999.

12. Mr. Gauthier assigned all right, title, and interest in the '028 patent to Varis Corp. Tesseron Ltd. subsequently acquired all right, title, and interest in the '028 patent from Varis after foreclosing on Varis' assets pursuant to the Uniform Commercial Code. Thereafter, Tesseron assigned all right, title, and interest in the '028 patent back to Forrest P. Gauthier. Mr. Gauthier is the present owner of all right, title, and interest in the '028 patent. Prior to the commencement of this action, Mr. Gauthier exclusively licensed all substantial rights in and to the '028 patent to Acacia Research Group, LLC ("ARG"). The license to ARG was made subject only to certain prior non-exclusive license agreements and a limited non-exclusive and non-transferable personal license grant

back to Mr. Gauthier from ARG to make, use, offer to sell or sell his own products and services. Neither the prior licensees nor Mr. Gauthier owns any right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '028 patent.

13.   Mr. Gauthier further granted ARG the right to assign its license rights to a designated affiliate of ARG. Prior to the commencement of this action, ARG transferred and assigned to IPT, as its wholly owned designated affiliate, all of ARG's rights, obligations, interests and liabilities under the license agreement with Mr. Gauthier, and IPT assumed all such rights, obligations, interests and liabilities of ARG under such license agreement. IPT thus owns an exclusive license to all substantial rights under the '028 patent.

14.   The rights exclusively licensed to IPT, as ARG's designated affiliate, include the worldwide, exclusive right and license to make, have made, use, import, offer to sell, and sell products covered by the '028 patent, subject only to the limited rights of prior licensees and the limited license back to Mr. Gauthier. IPT owns the exclusive right to grant sublicenses, to sue for and collect past, present and future damages and to seek and obtain injunctive or any other relief for infringement of any claim of the '028 patent. IPT further owns the exclusive right to exercise its sole judgment to decide to institute enforcement actions against any or all persons or entities that IPT believes are infringing the '028 patent, the exclusive right to bring suit to enforce the '028 patent, and the exclusive right to settle any claims made under the '028 patent. IPT also owns the sole right to select counsel, to direct all litigation including this action, and to negotiate and determine the terms of any settlement or other disposition of all litigation including this action. IPT also owns the sole control over reexaminations and continuing prosecution of the '028 patent and related patent applications. IPT thus has standing to bring this action under the '028 patent in its own name.

15. On December 21, 2012, an ex parte request for reexamination of claim 4 of the '028 patent was submitted to the United States Patent and Trademark Office ("USPTO"). On December 19, 2014, the USPTO confirmed the patentability of claim 4 without amendment and issued a reexamination certificate, attached hereto as Exhibit B.

16. Defendant O'Neil, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '028 patent pursuant to 35 U.S.C. § 271(a) by using methods covered by the '028 patent to set-up and run variable data print jobs and by selling and/or offering to sell related variable data printing services to its customers, within the United States and within this District. O'Neil has been and is engaged in direct infringing activities using variable data enabled high-speed printing presses supplied by Defendant HP—specifically including HP T200, T300, T350, and T400 inkjet web presses; and HP w3250, 5000, and 7500 Indigo digital presses.

17. Defendant O'Neil, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '028 patent pursuant to 35 U.S.C. § 271(g) by selling and/or offering to sell print materials containing variable data which are made using methods covered by the '028 patent to its customers within the United States.

18. To the extent that any steps of the methods covered by the '028 patent are performed by third-parties, such as O'Neil's customers and/or their print media agents, Plaintiff alleges in the alternative that O'Neil is liable for direct infringement because it directs and controls any such third-party steps including, for example, by dictating the manner by which the third-parties must supply data to enable variable data print jobs to be run on O'Neil's variable data enabled high-speed printing presses, such that O'Neil is jointly and severally and/or vicariously liable for any acts performed by such third-parties on behalf of O'Neil. Upon information and belief, O'Neil provides

an Internet website portal through which it provides its products and services to third-party customers and their print media agents. The website portal and/or instructions provided through the website portal direct these third-parties to provide print specification files such that O'Neil can process variable data print jobs according to the remaining steps of the patented invention. Further, O'Neil enters into contracts with these third parties, through which O'Neil enforces the obligations that it imposes upon third-parties.

19. Upon information and belief, O'Neil may also have obtained actual knowledge of the '028 patent as a result of its own patent prosecution activities and/or through its investigation of Tesseron Ltd.'s patent enforcement activities in the digital printing industry, including prior litigation.

20. The service of this Complaint will provide O'Neil with actual notice of the '028 patent and of Plaintiff's infringement allegations.

21. O'Neil's direct infringement of the '028 patent has injured IPT. IPT is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

22. Unless enjoined by the Court, Defendant O'Neil will continue to injure IPT by directly infringing the '028 patent, while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '028 patent. O'Neil's future acts of infringement will constitute continuing willful infringement of the '028 patent.

23. Defendant HP, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '028 patent pursuant to 35 U.S.C. § 271(a) by making, using, having made, selling, offering to sell and/or importing variable data enabled high-speed printing presses designed to practice methods covered by the '028 patent within the United States and within this District, including without limitation HP's Inkjet Web

Presses, e.g., T200, T300, T350 and T400 presses (hereinafter "Inkjet Web Presses"), and its Indigo Digital Presses, e.g., W3250, 3550, WS4600, 5000, 5600, WS6600, WS6600p, W7250, 7500, 7600, 10000, 20000, and 30000 presses (hereinafter "Indigo Digital Presses"). HP's infringing printing presses include the specific models of presses sold to O'Neil.

24. HP had actual knowledge of the '028 patent. Specifically, HP obtained knowledge of the patent through Indigo N.V., the company that developed HP's Indigo presses. Tesseron, Ltd., as the then-current owner of the '028 patent, sent notice letters to Indigo N.V. A letter dated September 11, 2002 provided an opportunity to license a number of related patents, and specifically listed the '028 patent. HP sent a response letter dated December 23, 2002 indicating that the patents listed in the September 11 letter were under review. Tesseron sent a second letter to Indigo dated June 25, 2003, once again suggesting discussions of a license to the entire family of patents related to the '028 patent, and also describing several applications of the variable data methods claimed in those patents. Tesseron sent a third letter to Indigo dated February 18, 2005. This letter also addressed licensing the entire family of patents related to the '028 patent, listed several new patents within that family, and attached copies of complaints that had been filed against Xerox Corporation and GMC Software AG, two of HP's competitors in the digital printing industry. HP acknowledged receipt of the letter by sending a response dated April 15, 2005.

25. Upon information and belief, HP may also have obtained actual knowledge of the '028 patent as a result of its own patent prosecution activities and/or through its investigation of Tesseron Ltd.'s patent enforcement activities in the digital printing industry, including prior litigation.

26. The service of this Complaint will provide HP with further actual notice of the '028 patent and of Plaintiff's infringement allegations herein.

27. Defendant HP, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and continues to induce the direct infringement of the '028 patent by O'Neil and other HP customers pursuant to 35 U.S.C. § 271(b) at least by one or more of supplying, offering for sale and selling its Inkjet Web Presses, and its Indigo Digital Presses, which were designed and intended to practice methods covered by the '028 patent, and HP has supplied related training and support materials and services. Despite its awareness of the '028 patent and of the technology claimed within the '028 patent, HP has continued these acts of inducement with specific intent to cause and/or encourage such direct infringement of the '028 patent and/or with deliberate indifference of a known risk or willful blindness that such activities would cause and/or encourage direct infringement of the '028 patent.

28. HP's direct infringement and/or inducement to infringe the '028 patent has injured IPT. IPT is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

29. Unless enjoined by the Court, Defendant HP will continue to injure IPT by directly infringing and/or inducing the infringement of the '028 patent.

30. Upon information and belief, Defendant HP has continued and will continue its infringement notwithstanding its actual knowledge of the '028 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '028 patent. As such, HP's infringement has been willful and deliberate and its future acts of infringement will constitute continuing willful infringement of the '028 patent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1. Judgment that the '028 patent is valid, enforceable, and infringed by each Defendant;

2. Judgment that Defendants' acts of patent infringement are willful;

3 A preliminary and permanent injunction enjoining each Defendant, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

4. An award of damages arising out of each Defendant's acts of patent infringement, together with pre-judgment and post-judgment interest;

5. Judgment that the damages so adjudged be trebled in accordance with 35 U.S.C. § 284;

6. An award of Plaintiff's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

7. Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

IPT demands trial by jury of all issues triable of right by a jury.

### RESERVATION OF RIGHTS

IPT's investigation is ongoing, and certain material information remains in the sole possession of the Defendants or third parties, which will be obtained via discovery herein. IPT expressly reserves the right to amend or supplement the causes of action set forth herein in accordance with Rule 15 of the Federal Rules of Civil Procedure.

                                  Respectfully submitted,

Date:   January 14, 2015                /s/Timothy P. Maloney
                                            Timothy P. Maloney (IL 6216483)
                                            LEAD ATTORNEY
tim@fitcheven.com
Alison A. Richards (IL 6285669)
arichards@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
David A. Gosse (IL 6299892)
dgosse@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Steven C. Schroer
scschr@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
1942 Broadway, Suite 213
Boulder, Colorado 80302
Telephone: (303) 402-6966
Facsimile: (303) 402-6970

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
J. Wesley Hill
Texas State Bar No. 24032294
Email: wh@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
WARD & SMITH
Post Office Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF**